UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. ZENGERLE,

    Plaintiff,

Case No. 13-11592

v.

Hon. John Corbett O'Meara

DYNIA & ASSOCIATES, LLC,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before the court is Defendant's motion to dismiss, which has been fully briefed. The court heard oral argument on September 12, 2013, and took the matter under advisement. For the reasons explained below, Defendant's motion is denied.

## BACKGROUND FACTS

On January 22, 2013, Defendant Dynia & Associates, LLC, sent Plaintiff Michael Zengerle a letter attempting to collect a $15,778.48 credit card debt. The letter reads, in part:

> Federal law provides that if you do not provide us with a statement that you dispute the validity of this debt, or any portion thereof, within thirty days of the receipt of this letter, we may assume that such debt is valid. If you do

> dispute it by notifying us in writing to that effect, we
> will, as required by law, obtain verification of the debt or
> any related judgment against you, and mail such
> documentation to you.  And, if within the same period,
> you request in writing the name and address of your
> original creditor, if the original creditor is different from
> the current creditor, we will furnish you with that
> information too.

Plaintiff contends that this language violates the Fair Debt Collection Practices Act and the Michigan Collection Practices Act by suggesting that (1) the consumer must dispute the debt in writing and (2) the written dispute must be received by Defendant within thirty days.  Defendant has filed a motion to dismiss, arguing that the collection letter is not deceptive or misleading as a matter of law.

## LAW AND ANALYSIS

The FDCPA provides that, in attempting to collect a debt, a debt collector must send the consumer a written notice containing certain statements, including:

> (3) a statement that unless the consumer, within thirty
> days after receipt of the notice, disputes the validity of
> the debt, or any portion thereof, the debt will be assumed
> to be valid by the debt collector; [and]
> (4) a statement that if the consumer notifies the debt
> collector in writing within the thirty-day period that the
> debt, or any portion thereof, is disputed, the debt
> collector will obtain verification of the debt or a copy of
> the judgment against the consumer and a copy of such
> verification or judgment will be mailed to the consumer
> by the debt collector. . . .

15 U.S.C. § 1692g(a).  In order to determine whether this notice was "effectively

conveyed," the court uses the "least sophisticated debtor standard." Federal Home Loan Mortgage Corp. v. Lamar, 503 F.3d 504, 509-510 (6th Cir. 2007).  "The least sophisticated debtor standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." Id. (citation omitted). "Although this standard protects naive consumers, it also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" Id. (citation omitted).

If a collection notice reduces the thirty-day time frame in which the consumer has to dispute the debt, it violates the FDCPA. See Lamar, 503 F.3d at 510; Jacobson v. Healthcare Financial Serv., 516 F.3d 85, 95 (2d Cir. 2008). Further, the majority of courts have held that requiring a consumer to dispute a debt in writing violates the FDCPA. See, e.g., Hooks v. Forman, Holt, Eliades & Ravin LLC, 717 F.3d 282, 285-86 (2d Cir. 2013); Camacho v. Bridgeport Financial, Inc., 430 F.3d 1078 (9th Cir. 2005); but see Graziano v. Harrison, 950 F.2d 107 (3d Cir. 1991).

Here, the collection notice reads as follows: "Federal law provides that if you do not *provide us with a statement* that you dispute the validity of this debt, or any portion thereof, *within thirty days of the receipt of this letter*, we may assume

that such debt is valid.  If you do *dispute it by notifying us in writing to that effect*, we will, as required by law, obtain verification of the debt. . . ." See Compl. at Ex. 1 (emphasis added).  Plaintiff contends that this language suggests that the consumer must provide a written statement to dispute the validity of the debt, which is contrary to the FDCPA.  See Hooks, 717 F.3d at 285-86; Camacho, 430 F.3d at 1081-82.  Further, according to Plaintiff, this language suggests that Defendant must *receive* the written dispute within thirty days, when the law allows a consumer thirty days to *mail* the written dispute.  See Lamar, 503 F.3d at 510; Jacobson, 516 F.3d at 95 ("By requiring the notice to be received by the debt collector within thirty days, the letter shortens the period during which the recipient may seek verification of the debt.").

In its motion, Defendant seizes upon Plaintiff's claim that the letter should read "within thirty days *after* the receipt of this letter," as opposed to "within thirty days *of* the receipt of this letter."  At this stage, it is not clear to the court whether the use "of" instead of "after" makes a difference.  With respect to Plaintiff's other arguments, Defendant points out that the letter does not expressly state that the consumer must provide a *written* statement to dispute the debt, but only that the consumer must "provide us with a statement."  Viewing the language from the perspective of the least sophisticated consumer, however, "provide us with a

statement" suggests that a writing is necessary and that the consumer may not orally dispute the debt.[1]  In light of this, Defendant has not met its burden of demonstrating that Plaintiff has failed to state a claim or that it is entitled to judgment as a matter of law.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED.

s/John Corbett O'Meara<br>
United States District Judge

Date:  September 13, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 13, 2013, using the ECF system.

s/William Barkholz<br>
Case Manager

---

[1] Defendant contends that this issue was not raised in the complaint.  Under the circumstances, the court would permit Plaintiff to amend his complaint. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").